IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES WILLIE DUKE, III,** ) | | |
| **ID # 09009397,** ) | | |
| **Petitioner,** ) | | |
| vs. ) | No. 3:09-CV-317-K (BH) | |
| ) | | |
| **LEW STERRETT JUSTICE CENTER,** ) | Referred to U.S. Magistrate Judge | |
| **et. al,** ) | | |
| **Respondents.** ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner is a state inmate currently or previously incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). On February 18, 2009, the Court received his petition for habeas corpus relief pursuant to 28 U.S.C. § 1651. On February 19, 2009, the Court issued a Notice of Deficiency and Order (NOD) that directed petitioner to pay the $5 filing fee for this action or submit an application to proceed *in forma pauperis*. On March 17, 2009, the Court received a motion for leave to proceed *in forma pauperis* without the requisite certificate of trust account. After petitioner responded to a second notice of deficiency, the Court determined that he did not qualify for *in forma pauperis* status and issued an order directing him to pay the $5 filing fee within twenty days of March 27, 2009. The order was mailed to petitioner at the address he provided with his petition. The order expressly stated that failure to pay the filing fee within the time allotted would result in a recommendation that this action be dismissed without prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b).

On April 13, 2009, that order was returned with a typed notation that read "Return to Sender Refused Unable to Forward" and a stamped notation that read "Return to Sender Not in Dallas County J." To date, petitioner has not paid the requisite filing fee.

## I. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (habeas action). Petitioner has failed to notify the Court of his change in address, and an order of the Court has been returned as undeliverable. Nor has he complied with an order of the Court that he pay the $5 filing fee. Because petitioner has not shown that he intends to proceed with this action by keeping the Court apprised of his contact information or paying the filing fee, the Court should dismiss his petition without prejudice for failure to follow an order of the Court and for want of prosecution.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for petitioner's failure to comply with an order of the Court and for want of prosecution.

**SIGNED this 27th day of April, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE